NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SONNY RAY HARDAWAY, | ) | No. C 08-4322 JF (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | WITHOUT PREJUDICE |
| vs. | ) | |
| | ) | |
| COUNTY OF ALAMEDA, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983.  He claims that Defendants have conspired to discriminate against him by arresting, convicting and imprisoning him based on his race. He seeks money damages.  The complaint is DISMISSED without prejudice under Heck v. Humphrey, 512 U.S. 477 (1994).

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

1  claim upon which relief may be granted or seek monetary relief from a defendant who is
2  immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be
3  liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
4  1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
5  elements: (1) that a right secured by the Constitution or laws of the United States was
6  violated, and (2) that the alleged violation was committed by a person acting under the
7  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

8      Plaintiff alleges that he has been wrongfully arrested, convicted and imprisoned on
9  multiple occasions since 1982.  He sues the arresting officer, the Internal Affairs
10 Department of the Oakland Police Department, the City of Oakland, and the County of
11 Alameda.  He seeks money damages.

12     In order to recover damages for allegedly unconstitutional conviction or
13 imprisonment, or for other harm caused by actions whose unlawfulness would render a
14 conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction
15 or sentence has been reversed on direct appeal, expunged by executive order, declared
16 invalid by a state tribunal authorized to make such determination, or called into question
17 by a federal court's issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S.
18 477, 486-487 (1994).  A claim for damages bearing that relationship to a conviction or
19 sentence that has not been so invalidated is not cognizable under § 1983.  Id. at 487.

20     When a state prisoner seeks damages in a § 1983 suit, the district court must
21 therefore consider whether a judgment in favor of the plaintiff would necessarily imply
22 the invalidity of his conviction or sentence; if it would, the complaint must be dismissed
23 unless the plaintiff can demonstrate that the conviction or sentence has already been
24 invalidated.  Id. at 487.  Heck makes it clear that a § 1983 "cause of action for damages
25 attributable to an unconstitutional conviction or sentence does not accrue until the
26 conviction or sentence has been invalidated."  Id. at 489-90 (footnote omitted).  In
27 addition, a challenge to the denial of parole, whether based upon procedural defects in the
28 parole hearing or upon allegations that parole was improperly denied on the merits,

1  directly implicates the validity of the prisoner's continued confinement.  See Butterfield v.

2  Bail, 120 F.3d 1023, 1024 (9th Cir. 1997).  Therefore, a claim for damages based on the

3  improper denial of parole is barred by Heck.  See id.

4       Here, plaintiff's claims that he has been wrongfully arrested, convicted and

5  sentenced to prison based on his race would, if successful,  necessarily imply the

6  invalidity of his state court convictions.  As such, plaintiff's claim is barred by Heck, and

7  is DISMISSED without prejudice to Plaintiff's filing a new complaint if the challenged

8  conviction, sentence and/or parole denial are later invalidated.  See Trimble v. City of

9  Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by Heck may be dismissed

10  sua sponte without prejudice under 28 U.S.C. § 1915).

11                              **CONCLUSION**

12       Plaintiff's complaint is hereby DISMISSED without prejudice.

13       The Clerk shall terminate all pending motions, close the file and enter judgment.

14       IT IS SO ORDERED.

15  DATED: ____11/17/08____

16                              _____
                                JEREMY FOGEL
                                United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28